UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN T. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-85 |
| | ) |
| DRIVEN BRANDS SHARED | ) |
| SERVICES, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Driven Brands Shared Services, LLC ("Driven") hereby gives notice of the removal of the above-captioned matter from the Superior Court of Mecklenburg County, North Carolina (Case No. 15CVS 812) to the United States District Court Western District of North Carolina. This removal is based on the following grounds:

1. Plaintiff commenced this action in the Superior Court of Mecklenburg County, North Carolina on or about January 16, 2015. Plaintiff attempted to serve Defendant with process via Certified Mail on January 27, 2015.

2. In his Complaint, Plaintiff brings five claims against Defendant: (i) breach of contract, (ii) violation of the North Carolina Wage and Hour Act ("NCWHA"), (iii) unfair and deceptive trade practice under N.C.G.S. § 75-16, (iv) wrongful discharge and (v) conversion.

3. Plaintiff's claims are based on Defendant's alleged failure to pay severance benefits and to provide an equity interest in Defendant's business, both of which are asserted pursuant to a Letter Agreement between the parties. A copy of the Letter Agreement is attached to this Notice as Exhibit A.

4. The payment of benefits under the Letter Agreement involves, among other things, substantial management discretion, case-by-case review of the relevant facts, and continuous periodic payments over a 12-month period.

5. The Letter Agreement that provides the basis for each of Plaintiff's claims is a "welfare benefit plan" within the meaning of Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1002(1)

6. Plaintiff's five claims include

   a. Breach of contract (First Claim of Relief) based on Defendant's refusal to provide severance and an equity interest in Defendant's company pursuant to the terms of the Letter Agreement;

   b. Violation of the NCWHA (Second Claim of Relief) based on Defendant's refusal to provide severance and an equity interest in Defendant's company pursuant to the terms of the Letter Agreement;

   c. Unfair and deceptive trade practices (Third Claim of Relief) based on Defendant's refusal to provide Plaintiff an equity interest in Defendant's company pursuant to the terms of the Letter Agreement;

   d. Wrongful discharge by fraud (Fourth Claim of Relief) based on Defendant's refusal to provide severance and an equity interest in Defendant's company pursuant to the terms of the Letter Agreement; and

   e. Conversion (Fifth Claim of Relief) based on Defendant's failure to provide Plaintiff an equity interest in Defendant's company pursuant to the terms of the Letter Agreement.

7. Because each of Plaintiff's claims is based on alleged violations of the Letter Agreement constituting a welfare benefit plan, each of Plaintiff's claims is completely preempted by ERISA. *See e.g., Lontz v. Tharp*, 413 F.3d 435, 440-441 (4th Cir. 2005) (explaining that where federal law completely preempts a state-law cause of action, the plaintiff's state-law claims are transformed into federal claims and, "[s]ince the complaint is then understood to state a federal question, the well-pleaded complaint rule is satisfied, thereby justifying removal under § 1441(b)").

8. Consequently, because Plaintiff's claims arise under the laws of the United States and resolving these claims will depend upon determinations of substantial questions of federal law, this Court has original jurisdiction over this action. 28 U.S.C. § 1331.

9. This civil action may properly be removed from state court to this Court. 28 U.S.C. §§ 1441(a)-(b).

10. This removal complies with all procedural requirements. 28 U.S.C. § 1446.

   a. This Notice of Removal is filed within thirty days after receipt by Defendant, "through service or otherwise," of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and the time for filing this Notice of Removal has not expired.

   b. Copies of all process, pleadings, and orders served upon Defendant, and all other papers filed in state court, are attached hereto as Exhibit B.

   c. Promptly after this Notice of Removal is filed, Defendant will give written notice of removal of this action to all adverse parties and will file a copy of the Notice of Removal with the Clerk of the Superior Court of Mecklenburg County, North

Carolina.  A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit C.

WHEREFORE, Defendant requests this action proceed in this Court as an action properly removed under 28 U.S.C. § 1441(a).

Dated:  February 25, 2015.

Respectfully submitted,

By: /s/  Susan P. Dion_____
    Susan P. Dion (N.C. Bar No. 28032)
    sdion@mcguirewoods.com
    MCGUIREWOODS LLP
    201 North Tryon Street, Ste. 3000
    Charlotte, North Carolina  28202
    704.373.8963
    704.353.6198 (Facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the court using the CM/ECF system. I also hereby certify that the foregoing document was duly served upon plaintiff in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

>S. Luke Largess
>Tin, Fulton, Walker & Owen, PLLC
>301 East Park Ave.,
>Charlotte, North Carolina 28203

Dated: February 25, 2015.
.

>/s/ Susan P. Dion_____
> Susan P. Dion (N.C. Bar No. 28032)